THE STATE, on the relation of DUNHAM, *v.* HOOD and Another.

In an action in the name of the state on the relation of *A.* against *B.* and *C.*, the judgment was as follows :—"It is therefore considered by the Court, that the said defendants go hence without day, and that *he* also recover his costs and charges in this behalf expended, and the plaintiff in mercy," &c. *Held*, that under the statute, the judgment should have been against the relator for costs, and in favour of both the defendants, but that the mistakes as to these matters were merely clerical, and might have been amended at any time.

May Term,
1834.

THE STATE
v.
HOOD.

Wednesday,
May 28.

ERROR to the *Allen* Circuit Court.

STEVENS, J.—The state of *Indiana*, on the relation of *Joseph Dunham*, brought suit in the *Allen* Circuit Court against *William N. Hood*, a justice of the peace, and *Samuel Hanna*, his surety, on the official bond of *Hood*, for the malfeasance and misfeasance in office of the said *Hood*, by which he the said *Dunham*, said he had sustained an injury, &c. The case was tried by a jury and a verdict rendered in favour of the defendants. Final judgment was then rendered in these words:—"It is therefore considered by the Court that the said defendants go hence without day, and that *he* also recover his costs and charges in this behalf expended, and the plaintiff in mercy," &c.

To reverse this judgment two errors are assigned:—1. That the plaintiff was and is a sovereign and independent state, and therefore not liable to pay costs, &c.; 2. That the judgment does not follow the verdict; the verdict being in favour of both the defendants, and the judgment only for one defendant.

Upon general principles, unaided and unaffected by statutory enactments, where a suit is brought on a private bond, for the use of an individual, the individual for whose use it is entered, is not the legal plaintiff; the use only being entered for the protection of his equitable interest; and if he dies pending the suit, his death will not abate the suit; nor is there, for the purpose of the suit, any necessity for the suggesting his death, but the suit progresses as if he were still living, or as if the use had never been entered. The judgment is entered in the name of the nominal, that is, the legal plaintiff; and it is nothing to the defendant who may be entitled to the equitable interest. And just so in the case of a bond to the state, as in the present case, where it is for public use, and any injured person may bring a suit upon it, the state is the legal plaintiff; and there is no necessity for the purposes of the suit, to enter for whose use it is brought; the judgment is entered in the name of the state, the legal plaintiff. *The State* v. *Dorsey et al.* 3 Gill & Johns. 75, 93.—*Fridge* v. *The State, use of Kirk,* 3 Gill & Johns. 103.

And it may be further remarked, that upon general principles, without the aid of legislative sanction, a sovereign state cannot be amerced for costs. This case, however, does not stand on the general doctrine upon that subject; the legislature has removed all the difficulties as to that, and marked out the proper course to be pursued. By the 14th section of the practice

act of 1831, p. 402, it is enacted, that "when suit is brought on any bond given by any executor or administrator, or any state, county, or township officer, to and in the name of the state of Indiana, &c., for the performance of any duty or trust, it shall be the duty of the person for whose benefit the same was instituted, to endorse on the writ or other process, for whose benefit the same was issued; and if he fails to succeed in the suit, he shall be liable for all costs," &c. This statute settles the question now before us. The relator, *Joseph Dunham*, is liable for the costs of the suit, and judgment should have been entered against him accordingly. This we presume the Court intended to do, though by a misprision or mistake of the clerk, it is not done. The errors complained of are mere clerical inaccuracies, and might have been at any time amended, on a proper application to the Court below for that purpose; but it seems that no such application has been made. The judgment as it stands is not correct, and must be reversed, but without costs or prejudice.

*Per Curiam.*—The judgment is reversed, and the cause remanded, &c.

*H. Cooper,* for the state.

*D. Wallace,* for the defendants.